GWIN, District Judge.
Sherry Berry, a Michigan citizen, appeals a district court order denying her motion for a new trial in a diversity breach of contract action that she filed against her automobile insurance company. She argues that the district court erred when it allowed the defendant to offer opinion evidence of a board certified neurologist. That neurologist gave opinion testimony that Berry’s preexisting hypertension caused cerebral hemorrhage and that Berry’s automobile collision did not cause her hemorrhage. Berry also argues that the district court erred during instructions to the jury and erred in allowing live testimony from a witness who defendant originally said would be presented through a deposition. For the reasons described below, we affirm.
On December 8, 2006, Berry was involved in a motor vehicle accident when her car struck a car parked on the side of the road. She was taken to the hospital, where she was treated for a cut lip, a laceration to her hand, and a cerebral hemorrhage. Berry sued her insurance carrier to recover the medical costs and resultant damages from the cerebral hemorrhage. With her case, she claimed that her head injury resulted when she struck her head on the windshield of her car during the accident. Berry made this claim even though her main problem was a thalamus-area bleed in one of the brain’s deepest structures. In contrast to Berry’s argument that the accident caused the center brain bleeding, the defendant said that the brain hemorrhage resulted from a preexisting hypertensive condition and the accident followed—and did not create— this condition.
Berry moved the court to stop defendant from presenting any expert testimony on the issue of whether she suffered from high blood pressure prior to the accident. The district court denied the motion. Berry also moved to preclude the use of depositions of the medical experts in lieu of live testimony. The district court denied the motion, but ruled that the depositions could only be used if the witnesses were shown to be unavailable. At trial, the defense presented a neurologist who gave the opinion that Berry suffered a spontaneous intracerebral hemorrhage, and this hemorrhage caused her to wreck her car. It argued that Berry’s damages did not arise out of the use of her automobile, and that she could not recover damages under Michigan No-Fault Act. The jury found for the defendant. Berry’s motion for a new trial was denied, and this appeal followed.
Berry now argues that the district court erred in allowing the defense to present opinion testimony that she suffered from hypertension before the accident; rejecting her proposed jury instructions; allowing the defense to depose two witnesses who later testified at trial; and denying her motion for a new trial where the jury’s verdict was arguably inconsistent and against the weight of the evidence.
We review a district court’s decision to admit expert testimony for an abuse of discretion. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Berry argues that the district court failed to fulfill its function of determining whether the *439 defense experts’ testimony rested on a reliable foundation and whether their reasoning was scientifically valid. See Kentucky Speedway, LLC v. Nat’l Ass’n of Stock Car Auto Racing, Inc., 588 F.3d 908, 915 (6th Cir.2009). Contrary to Berry’s argument, the expert testimony that she suffered from hypertension prior to the accident was sufficiently based on evidence. Defendant showed that the expert testimony was sufficiently relevant and sufficiently reliable. Although Berry had never been diagnosed with or treated for hypertension, she did have two blood pressure readings, taken by her treating physician, of 146/92 in 2005 and 140/90 in 2006. Also, the defendant offered post-accident evidence showing that Berry exhibited indications of white matter disease. Testimony supported that white matter disease is most likely due to chronic hypertension.
Further, Berry admitted that she had a headache prior to the accident and could not explain why she was on the street where the accident occurred. Therefore, sufficient evidence supported the experts’ testimony that Berry likely suffered from hypertension before the accident. Although Berry gave evidence that a collision could cause the bleed to the deep brain thalamus area, other evidence suggested that “her hemorrhage is not in the classic location for a traumatic type of hemorrhage.” Berry did not show that the experts’ methodology was in any way unscientific or unreliable. Therefore, no abuse of discretion in the district court’s evidentiary ruling has been established.
Berry next argues that the district court erred in rejecting her proposed jury instructions. While we review the rejection of a proposed jury instruction for an abuse of discretion, Hisrich v. Volvo Cars of N. Am., Inc., 226 F.3d 445, 449 (6th Cir.2000), we review the correctness of the jury instructions de novo. Jones v. Federated Fin. Reserve Corp., 144 F.3d 961, 966 (6th Cir.1998).
Berry relies on Scott v. State Farm Mut. Auto. Ins. Co., 278 Mich.App. 578, 751 N.W.2d 51, 56 (2008), for the proposition that she was not required to exclude other possible causes of her damages in order to recover. In Scott, the plaintiff presented testimony showing how the accident contributed to her medical problems. Id. Here, plaintiffs expert was unable to explain how—if the jury believed that the hemorrhage preceded the accident—the accident could have worsened Berry’s hemorrhage. Berry, whose case rested on the theory that she did not have a preexisting condition, failed to “present substantial evidence from which [the] jury” could conclude that the accident merely contributed to, rather than caused, her injury. Meemic Ins. Co. v. Hewlett-Packard Co., 717 F.Supp.2d 752, 769 (E.D.Mich.2010) (applying Michigan state-law) (emphasis in original). Berry’s expert did, at one point, comment that “[the hemorrhage] could also certainly be made significantly worse,” by the accident. But to “rely on alternative theories of causation,” a plaintiff “must support each theory with admissible evidence, and may not rely on conjecture or speculation.” Walk v. Baker Coll. of Auburn Hills, No. 299925, 2011 WL 5555828, at *5 (Mich.Ct.App. Nov.15, 2011) (citing Skinner v. Square D. Co., 445 Mich. 153, 516 N.W.2d 475, 480 (1994)). Thus, while Berry was not required to exclude all other possible causes, she did not present sufficient evidence to support an alternative theory.
Furthermore, in Nowyorkas v. Farm Bureau Mut. Ins. Co., No. 168726, 1996 WL 33681826 (Mich.App. May 24, 1996), the Michigan appellate court held that injuries that cannot be attributed to a single identifiable event are excluded from coverage under the Michigan No Fault Act. *440 Berry’s remaining challenges to the jury instructions involve the instructions as to the amount of damages. But given the jury’s verdict in favor of the defendant, any issue with the damage instructions does not matter. Therefore, we find no abuse of discretion in the district court’s rulings.
Berry also argues that the district court should not have allowed the defendant to depose two of its expert witnesses before trial for possible use at trial. These defense expert witnesses ultimately did testify at trial. Berry offers the novel argument that the depositions unfairly allowed the witnesses to better prepare for cross-examination and precluded the jury from observing the unprepared cross-examination at the depositions. She cites Allgeier v. United States, 909 F.2d 869 (6th Cir.1990), for the proposition that the proponent of a deposition must establish that the witness is unavailable. However, Berry earlier asked to stop the use of depositions in lieu of live testimony. But after these expert witnesses did testify at trial, Berry now complains that the earlier depositions allowed the experts to better prepare. She cites no authority for the argument that the depositions should have been prohibited to prevent the witnesses from learning her trial strategy.
Finally, citing Anchor v. O'Toole, 94 F.3d 1014, 1021 (6th Cir.1996), Berry argues that she was entitled to a new trial because the jury’s decision to award no damages was not one it could have reasonably reached. We review the denial of a motion for a new trial for an abuse of discretion. Nolan v. Memphis City Sch., 589 F.3d 257, 264 (6th Cir.2009). Here, Berry’s argument is contradicted by her attorney’s concession that the jury could have concluded that only her lip and hand injuries were caused by the accident, and that damages for those injuries were not at issue. Because the verdict reached in this case was reasonable, the district court did not abuse its discretion in denying Berry’s motion for a new trial. See J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1487 (6th Cir.1991).
For all of the above reasons, the district court’s judgment is affirmed.